UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAYES,<br>　　　　　Plaintiff,<br>　　v.<br>FACEBOOK, et al.,<br>　　　　　Defendants. | Case No. 19-cv-01297-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 40 |

## I.　INTRODUCTION

Plaintiff Thomas Hayes sued Facebook and its CEO for defamation concerning warnings Facebook posted about clicking on the links to Hayes's own website or his email address. Following transfer of this action from the District of Colorado, this Court held oral argument on March 28, 2019 on Defendants' motion to dismiss. The Court **GRANTS** the motion for the following reasons.

## II.　BACKGROUND

Hayes is a Colorado resident. He owns Seventh Generation Fuels, LLC, a start-up company that aims to become an environmentally clean renewable energy producer. Hayes owns three web pages (all at the domain wakute.wixsite.com) touting the company's exclusive licensing, brokering, contracting and leasing rights, as well as other business rights related to U.S. patent No. 9057024. Hayes joined Facebook on June 28, 2018 to promote his business and website, with the specific goal of enlisting Facebook users to write or help write a grant application for his business. He says the company needs to raise approximately $80,000 in funding.

Starting on July 10, 2018, Hayes discovered that when Facebook users click on the link to

the wakute.wixsite.com website or on his email address (santeeseven@yahoo.com), Facebook displayed the message: "BLOCKED – We believe the link you are trying to visit is malicious. For your safety, we have blocked it." Starting on September 22, 2018, the message changed to: "You Can't Go to This Link From Facebook. The link you tried to visit goes against our Community Standards." Hayes refers to these as the "blocking messages."

Hayes alleges that these messages deter potential grant writers and investors from contacting him by suggesting they will get a computer virus if they do so. He has sued Facebook and its CEO Mark Zuckerberg for defamation. He seeks $80,000 in damages for his inability to get a grant. He also seeks $30 million in damages for what he calls the administrative start-up costs listed in his company's 2018-19 business plan, or if that full amount is not awarded, 10% of it.

Hayes filed this lawsuit on September 12, 2018 in the District of Colorado. ECF No. 1. He amended the complaint on October 23, 2018. ECF No. 10. Defendants moved to dismiss for lack of personal jurisdiction and on the merits. ECF No. 40. On the same day, they moved to transfer this action to the Northern District of California, citing the forum selection clause in Facebook's terms of service. ECF No. 41. The District of Colorado granted the transfer motion on March 6, 2019. ECF No. 54.[1]

### III.   LEGAL STANDARD[2]

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] The parties have consented to have a magistrate judge determine this action. ECF Nos. 17, 32, 34.
[2] At oral argument, Defendants agreed the transfer of this case has mooted their personal jurisdiction arguments.

2

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In considering a motion to dismiss, a court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**IV. DISCUSSION**

**A. Article III Standing**

Defendants' first argument is that Hayes lacks Article III standing. They argue that he has failed to plead any concrete injury caused by the allegedly defamatory statements. In Defendants' view, Hayes "does not claim that any investor, business partner, Facebook user, or other person actually *viewed* them. He does not allege that such person ever tried to visit his web pages or click on his email address." ECF No. 40-1 at 9. In short, Defendants say that it is hypothetical or

conjectural whether anybody other than Hayes saw the statements. *Id*. Hayes's opposition brief, ECF No. 48, does not directly address this issue.

It is true that hypothetical or conjectural harms are insufficient to confer Article III standing. Rather, a "plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). Further, "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant,'" *id*. In addition, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. (citations omitted).

However, Defendants have read the amended complaint too narrowly. Hayes alleges that "[f]rom July 10th, 2018 until September 12th, 2018, the Defendant (Facebook) *publicly posted this message and displayed it to* all active Facebook users, investors and viewers *whenever they click on* Plaintiff's web-page or email address." ECF No. 10 (emphasis added). He also alleges that "*Defendant is also suggesting* potential investors and viewers do not contact Plaintiff by posting the above block messages as a response *to viewers attempting to contact Plaintiff by his email address* listed on his Facebook page. *Id*. (emphasis added). Read fairly, these constitute sufficient allegations that potential investors and viewers *are* clicking on his web page and email address and seeing these messages, not just that they might do so. To be sure, other allegations in the amended complaint are more conjectural, such as the following one cited by Defendants: "*If and when* curious potential investors decide to cut and paste any of the Plaintiff's blocked information they will be led to believe none of the Plaintiff's web-page content is valid nor true and that Plaintiff is too malicious to contact . . ." *Id*. (emphasis added). But the conjectural allegations in the amended complaint do not undo the non-conjectural ones.

Defendants also take issue with the causation and injury components of Article III standing, arguing that "Plaintiff does not allege, for example, that any person viewed the allegedly defamatory statement(s) and subsequently refrained from contacting him or doing business with him." ECF No. 40-1 at 10. However, that argument demands more than what Article III standing

4

requires.  For standing purposes, Facebook's blocking messages are a concrete and particularized injury because they effectively deprive Hayes of a medium of communication to promote his business.  Whether he would have found someone on Facebook to write an application for an $80,000 grant, let alone investors who would have provided him with $30 million in financing, is a question of whether he can prove damages on the merits of his claim.  But there's no doubt that effectively cutting off a means of advertising is enough of an injury to support Article III standing.  It's a concrete and particularized injury – it's happening to him, not everybody.  According to the amended complaint, it's an actual injury because people are being deterred from contacting him.  And it's redressable, for example, by an injunction to take down the blocking message.

**B.     The Merits**

The Court turns, then, to the merits.  Initially, there is a dispute about which state's law applies.  Hayes relies on Colorado law, whereas Defendants contend that California law applies, citing Facebook's terms of service.  But the answer to this question does not seem to matter, as Defendants acknowledge that "California's defamation law mirrors Colorado's."  ECF No. 40-1 n.7.  The Court therefore declines to resolve that issue.

Defendants make a number of arguments why the blocking statements do not constitute actionable defamation, but it is not necessary to reach them all.  The easiest one is sufficient:  The statements Hayes complains about are not *about him*.  "In California, whether statements can be reasonably interpreted as referring to [the] plaintiff[] is a question of law for the court.  If there is no express reference to the plaintiff in a defamation statement, the claim will fail unless the statement refers to the plaintiff by reasonable implication." *SDV/ACCI, Inc. v. AT&T Corp.*, 522 F.3d 955, 959 (9th Cir. 2008).  Colorado law similarly requires that the defamatory statement be about the plaintiff. *See Dorr v. C.B. Johnson, Inc.*, 660 P.2d 517, 519 (Colo. Ct. App. 1983) ("None of the statements claimed to have been made by defendants were defamatory of or concerning plaintiff Carol Ann Dorr.  Therefore, the dismissal of these claims as to her was proper.").

Here, Hayes alleges that Facebook's blocking notice displayed when users clicked on the link to his business website (wakute.wixsite.com) or his email address (santeeseven@yahoo.com).

5

Neither the website domain nor the email address incorporates Hayes's name or other information reasonably identifying him. Accordingly, the statements do not reference Hayes personally. It is true, of course, "that defamatory statements about a company can reasonably be understood to refer to the owner of the company," but in most of those cases, "the businesses bore the individual plaintiff's name," *SDV/ACCI*, 522 F.3d at 959 (citations omitted). Where, as here, the defamatory statements are about the company, and the company is not named after the owner, there must be factual allegations to show that "not only must [the statement] be capable of being understood to refer to the plaintiff, but [it] also must be shown actually to have been so understood by a third party." *Id*. at 960; *see also* Restatement (Second) of Torts § 564 cmt. a ("It is necessary that the recipient of the defamatory communication understand it as intended to refer to the plaintiff."). Here, the amended complaint contains no factual allegations showing that any third party would think Facebook's blocking statements refer to Hayes. Accordingly, his defamation claim does not survive a motion to dismiss.

Finally, Defendants argue that regardless of whether Hayes states a claim against Facebook, he certainly does not against Zuckerberg. Defendants are correct. Federal Rule of Civil Procedure 8(a)(2) states that the complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." A plaintiff must satisfy this requirement as to each defendant. *See Iqbal*, 556 U.S. at 683. Here, other than listing Zuckerberg on the caption page and naming him as a defendant, the amended complaint contains no factual allegations against him. This is insufficient.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss with leave to amend. Hayes may file a second amended complaint within 30 days.

**IT IS SO ORDERED.**

Dated: March 28, 2019

THOMAS S. HIXSON
United States Magistrate Judge

6