FILED

JUN 17 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Civil Action No. 19-cv-01297-TSH.

THOMAS HAYES,
    Plaintiff,

v.

FACEBOOK,
    Defendant.

## MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56 (c)

**COME NOW** Plaintiff, Thomas Hayes, and moves for summary judgement pursuant to Fed R. Civ. P. 56(c) on claim one and for the relief requested in Plaintiff's complaint.

## CLAIMS AND RELIEF UPON WHICH JUDGMENT IS SOUGHT

A. Plaintiff is entitled to Summary Judgment on Claim 1: Libel, Cal Civ Code 45 and accompanying codes as plead.

1

1. Burden of proof and elements

"Civil Code section 45 defines libel as "a false and unprivileged publication by writing ... which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (Italics added.) [1] We have said that libel includes "almost any language which, upon its face, has a natural tendency to injure a person's reputation." (citation omitted). Slaughter v. Friedman , 32 Cal.3d 149

[L.A. No. 31541. Supreme Court of California. August 23, 1982.]

"We agree with Moore. The qualified privilege under Civil Code section 47, subdivision 3, is sufficient to protect persons in defendants' position who, though required by law to communicate with others, nonetheless maintain control over the contents of those communications. In the present case, plaintiff has alleged that defendants acted maliciously. Assuming, for pleading purposes, that this allegation is true, no discernible or compelling reason exists for denying him recovery for defendants' malicious libel." Slaughter v. Friedman , 32 Cal.3d 149

[L.A. No. 31541. Supreme Court of California. August 23, 1982.]

2. Elements that can be proven for the Plaintiff from the record

From approximately July 10th, 2018 until September 12th, 2018, as discovered by the Plaintiff after the fact, the Defendant publicly posted this message and displayed it to all active FACEBOOK users, investors and viewers whenever they clicked on Plaintiff's web-page or email address: *"BLOCKED - We believe the link you are trying to visit is malicious. For your safety, we have blocked it.."* See **INITIAL DISCOVERY APPENDED AND DESCRIPTION OF CONTENTS Item D-1.** During the same time whenever a viewer clicked on any of the Plaintiff's web-pages this is the Facebook generated message they viewed: *"You Can't Go to This Link From Facebook. The link you tried to visit goes against our Community Standards."* **Item D-2**. After September 22nd, 2018, the "malicious" post had been changed by FACEBOOK to: *"Instagram - Sorry this page isn't available. - The link you followed may be broken, or the page may have been removed. Go back to Instagram."* This page and message is still blocking Plaintiff's email address. The above Instagram blocking message came long after a retraction had clearly been requested and without apology of any sort.

Element 1:

The defendant published or caused to be published the statements at issue.
Facebook, generated both of the statements at issue. All the Facebook statements submitted into evidence have the Facebook logo on them: D-1, D-2, D-3 and D-7. Facebook printed the Libelous statement and signed the libel with their logo and identification.

Element 2.:

The statements at issue caused the plaintiff actual and special damages and damages due to per se libel.

At the time the "malicious" statement had been made the Plaintiff had been negotiating a variable of start-up funding options as well as some environmental grant options. The fact that this is a renewable energy project makes the financial phase of this project very sensitive. The disruptions that the Defendant has caused the Plaintiff cannot be understated nor should be underestimated, this is a $30,000,000 project as delineated in the administrative costs, the second a prospective investor, angel money, hedge fund or principle investor of any kind concludes there may be a problem with the Plaintiff's veracity, business acumen, reputation or ability to handle his critics they will walk away without any possibility of the Plaintiff reaching his predetermined goal of $30,000,000 delininated in Plaintiff's Start-Up Cost to fit the previously made bid submitted by a reputable manufacturing and automation company. Seventh Generation Fuels LLC Business Plan for Fiscal Year 2019-2020 had the delineated amounts listed per item under the Administrative Start-Up Cost prior to the June 28th, 2018, the date of the Facebook account registration for the Plaintiff. Compensatory Damages should be awarded Plaintiff as a result of the actual loss incurred in reputation and momentum as a result of the negligent behavior and reckless disregard of the Defendant.

In addition to the actual damage of $30,000,000 above there is the emotional distress suffered sufficient to receive punitive damages. There is continuing harm in what occurred when Facebook blocked and intercepted the contact that the Plaintiff had made long enough to get a message from his PTSD war veteran son who has been missing stating that he "loved and missed" his father the Plaintiff. Immediately afterwards all contact had been lost, circumvented and prevented by Facebook's actions (See **Items D-6 and D-7**). Facebook stopped the Plaintiff's response from having been able to get to his missing son because it included the email link santeeseven@yahoo.com , Plaintiff included this so his son could get a hold of him and make contact; the same email address they have been sending their legal correspondence through. The Plaintiff request $33,080,000 as pleaded in the complaint, this includes special and actual damages. Punitive damages should also be awarded in this lawsuit.

Element 3:

The substance or gist of the "malicious" statement was false at the time it was published. And the Defendant knew that the statements were false or the Defendant made the statements with reckless disregard as to whether they were false.

The fact that almost all of the five attorneys on record for the Defendant have used the email link in question: santeeseven@yahoo.com in their CERTIFICATE OF SERVICE in all of

their court filings shows a reckless disregard for the truth or falsity of the "malicious" statement.

Element 4:

At the time of the initial publication Facebook viewers did see the libel and have submitted AFFIDAVITS to that fact (See **Items D-4 and D5**). And, they knew it was Thomas Hayes, the Plaintiff, who owned Seventh Generation Fuels LLC and used the email link santeeseven@yahoo.com and that those were Thomas Hayes' web-pages that are listed on Thomas Hayes' Facebook ABOUT page (see **Items D-8 and D-9**). Facebook of course knew who Thomas Hayes was because it is their media and they have to make it a point to know what client's information is real and how it should be protected. Malicious is a bad word to call anyone either directly or connotatively, it's meaning is: "malicious adjective, ma·li·cious | \mə-ˈli-shəs, having or showing a desire to cause harm to someone : given to, marked by, or arising from malice" From Merriam-Webster online dictionary.

Even under the hardest defamation standard to reach where a heightened burden applies the Plaintiff respectfully submits he has reached that point. The pro se Plaintiff has plead all Calf Civ Code 45, 45a and 48 because he is due to special damages as well actual damages including Plaintiff's Start-Up Cost.

6

Fed. R. Civ. P. 56(c) provides that: [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

## CONCLUSION

Based on the factual intensity and actionable evidence already submitted in this lawsuit it is in the interest of justice and expediency that this court grant summary judgement for the full amount in the relief requested.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on June 12th, 2019.

Thomas Hayes, pro se Plaintiff
1535 Franklin Street - #4F
Denver, CO 80218
santeeseven@yahoo.com
Telephone number 720-391-5133

Gavin Thole
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
Gthole@keker.com

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
Northern District of California
450 Golden Gate Avenue
SAN FRANCISCO, CALIFORNIA 94102

7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56 (c)** was served by and upon its filing with this Court by depositing in the U.S. Mail to the addresses set forth above on June 12th, 2019,

_____
THOMAS HAYES - Pro Se Plaintiff.