UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAYES,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, et al.<br><br>    Defendant. | Case No. 19-cv-01297-TSH<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| THOMAS HAYES,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK,<br><br>    Defendant. | Case No. 19-cv-02106-TSH<br>(Consolidated cases)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.  INTRODUCTION

Pro se Plaintiff Thomas Hayes currently has two cases pending before the Court, *Hayes v. Facebook*, 19-cv-1297-TSH, and *Hayes v. Facebook*, 19-cv-2106-TSH. In 19-cv-1297, Hayes named Facebook and its CEO Mark Zuckerberg as Defendants and alleged defamation. The Court dismissed the amended complaint in that action with leave to amend. On April 18, 2019 Hayes filed the complaint in 19-cv-2106-TSH, containing similar allegations and an Application to Proceed In Forma Pauperis. 19-cv-2106, Compl, ECF No. 1; Appl., ECF No. 3. The Court consolidated the two cases and requested clarification as to whether the complaint in 19-cv-2106 was meant to be the further amended complaint in 19-cv-1297. Hayes failed to respond. For the reasons that follow, the Court **DISMISSES** the 19-cv-1297 action. As to 19-cv-2106, the Court

**GRANTS** the in forma pauperis application and finds the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Accordingly, Hayes must file a first amended complaint in the 19-cv-2106 action that addresses the deficiencies identified in this screening order by August 2, 2019; otherwise, the Court will recommend dismissal of his complaint.

## II. THE 19-CV-1297 CIVIL ACTION

### A. Background

Hayes filed the 19-cv-1297 action on September 12, 2018, originally in the District of Colorado. 19-cv-1297, ECF No. 1. In the amended complaint, Hayes sued Defendants Facebook and Zuckerberg for defamation concerning warnings Facebook posted about clicking on the links to Hayes's own website or his email address. *Id.*, ECF No. 10. All parties consented to Magistrate Judge jurisdiction in this action. *Id.*, ECF Nos. 17, 32, 34.[1]

As alleged in the amended complaint (*id.*, ECF No. 10), Hayes owns Seventh Generation Fuels, LLC, a start-up company that aims to become an environmentally clean renewable energy producer. He owns three web pages (all at the domain wakute.wixsite.com) touting the company's exclusive licensing, brokering, contracting and leasing rights, as well as other business rights related to U.S. patent No. 9057024. Hayes joined Facebook on June 28, 2018 to promote his business and website, with the specific goal of enlisting Facebook users to write or help write a grant application for his business. He says the company needs to raise approximately $80,000 in funding.

Starting on July 10, 2018, Hayes discovered that when Facebook users click on the link to

---

[1] After the Court issued an order dismissing the amended complaint with leave to amend, Hayes filed a declination. *Id.*, ECF No. 70. However, once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn only by the court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party," 28 U.S.C. § 636(c)(5); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984)); Fed. R. Civ. P. 73(b)(3). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. *Dixon*, 990 F.2d at 480. Hayes has not shown good cause or presented evidence of extraordinary circumstances for the Court to allow him to withdraw his consent to magistrate judge jurisdiction. Therefore, his May 9, 2019, declination of magistrate judge jurisdiction has been disregarded.

2

1  the wakute.wixsite.com website or on his email address (santeeseven@yahoo.com), Facebook
2  displayed the message: "BLOCKED – We believe the link you are trying to visit is malicious. For
3  your safety, we have blocked it." Starting on September 22, 2018, the message changed to: "You
4  Can't Go to This Link From Facebook. The link you tried to visit goes against our Community
5  Standards." Hayes refers to these as the "blocking messages."

6  Hayes alleged that these messages deter potential grant writers and investors from
7  contacting him by suggesting they will get a computer virus if they do so. He seeks $80,000 in
8  damages for his inability to get a grant. He also seeks $30 million in damages for what he calls
9  the administrative start-up costs listed in his company's 2018-19 business plan, or if that full
10 amount is not awarded, 10% of it.

11 On March 28, 2019, the Court granted Defendants' motion to dismiss because the facts
12 alleged in the amended complaint did not show that Facebook's alleged statements were *about*
13 *Hayes*. *Id*., ECF No. 61 at 5. The Court also found that there were no allegations against
14 Zuckerberg sufficient to name him as a defendant. *Id*. at 6. The Court gave Hayes 30 days to file
15 a second amended complaint. *Id*.

16 On April 18, 2019, Hayes filed a new case based on similar factual allegations, but with
17 Facebook as the only named defendant. 19-cv-2106, ECF No. 1. Because the two cases involve
18 common questions of fact and law, the Court consolidated them pursuant to Federal Rule of Civil
19 Procedure 42 and ordered Hayes to file a notice stating whether his April 18, 2019 complaint is (1)
20 intended to be an amended complaint in his original case, 19-cv-1297, or (2) intended as a new
21 case, separate from 19-cv-1297. 19-cv-1297, ECF No. 64; 19-cv-2106, ECF No. 6. To date,
22 Hayes has failed to file an amended complaint in 19-cv-1297 and failed to respond to the Court's
23 order requesting clarification.

24 **B.    Legal Standard**

25 "Under Ninth Circuit precedent, when a plaintiff fails to amend a complaint after the
26 district judge dismisses the complaint with leave to amend, the dismissal is typically considered a
27 dismissal for failing to comply with a court order rather than for failing to prosecute the claim."
28 *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). To determine whether to dismiss a

case for failure to comply with a court order, a court weighs the following factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. *Id*. at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez*, 138 F.3d at 399 (citations and internal quotation marks omitted).

**C.  Discussion**

Three of the five factors strongly support dismissal of this action. The last two are neutral.

The first two factors – the public interest in expeditious resolution of litigation and the Court's need to manage its docket – relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending," *Nealey v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to amend his complaint to address the deficiencies the Court identified in its dismissal order, Hayes has brought the 19-cv-1297 action to a halt. For example, he attempted to move for summary judgment, 19-cv-1297, ECF No. 78, but since there is no operative pleading, there is nothing for him to move for summary judgment on, as the Court explained in its order denying the motion as moot. *Id.*, ECF No. 79. The absence of an operative pleading more than three months after the Court gave Hayes leave to amend leaves this civil action rudderless. Further, Hayes's filing of a second and nearly identical lawsuit creates an unnecessary duplication of effort by the Court and a waste of judicial resources. The first two factors therefore strongly favor the dismissal of the 19-cv-1297 action.

As to the third factor – the risk of prejudice to Defendants – "a presumption of prejudice arises from the plaintiff['s] failure to prosecute." *Hernandez,* 138 F.3d at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." *Nealey*, 662 F.2d at 1281. Here, Hayes has provided no excuse for his failure to file a further amended complaint. And when the Court specifically asked him if the new complaint in the 19-cv-2106 action should be deemed the amended complaint in the 19-cv-1297 action, Hayes did not respond. Further, even aside from the presumption of prejudice, it is obvious that having two nearly

4

identical lawsuits pending against the same defendant is prejudicial. If this Court did not dismiss the 19-cv-1297 action, Facebook would have to expend resources to try to get the case resolved, when the same dispute is also pending between the parties in the 19-cv-2106 action. Accordingly, this factor strongly weighs in favor of dismissal.

The fourth factor concerns the public policy favoring disposition of cases on their merits, which in most cases "strongly counsels against dismissal." *In re PPA Prods.,* 460 F.3d 1217, 1228 (9th Cir. 2006). Nonetheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *Id.* Consequently, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations and internal quotation marks omitted). Here, Hayes's failure to further amend his complaint has impeded all progress in this case. Further, a dismissal of the 19-cv-1297 action does not necessarily preclude a disposition of the dispute between Hayes and Facebook on the merits because of the existence of the 19-cv-2106 action. Thus, this factor is neutral.

The fifth factor is the availability of less drastic sanctions. This factor is neutral because a dismissal of the 19-cv-1297 action is not a drastic sanction given the pendency of the same dispute in the 19-cv-2106 action.

**D. Conclusion**

For the foregoing reasons, the Court hereby **DISMISSES** this action (19-cv-1297) **WITHOUT PREJUDICE**. The Clerk shall close the file.

### III. THE 19-CV-2106 CIVIL ACTION

**A. In Forma Pauperis Application**

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Hayes submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that his assets and income are insufficient to enable payment of the fees. *See* Appl. Accordingly, the Court **GRANTS** Hayes's

1  Application to Proceed In Forma Pauperis.

## B. Sua Sponte Screening Under 28 U.S.C. § 1915(e)(2)

### 1. Background

In his 19-cv-2106 complaint, Hayes bring a libel claim against Facebook. Hayes alleges that he owns Seventh Generation Fuels, LLC, a start-up company that aims to become an environmentally clean renewable energy producer. Compl. at 3-4. He owns three web pages (all at the domain wakute.wixsite.com) touting the company's exclusive licensing, brokering, contracting and leasing rights, as well as other business rights related to U.S. patent No. 9057024.

Hayes joined Facebook on June 28, 2018 to promote his business and website, with the goal of enlisting Facebook users to write or help write a grant application for his business and obtain $80,000. *Id.* at 4. Hayes created an accompanying business Facebook page, also on June 28th, 2019. Both Facebook pages have the same identifying logo. *Id.*

Beginning on July 10th, 2018, Hayes discovered that his posts and articles were being "spammed." *Id.* Sometime after he noticed his contact information was also being "blocked and libeled." *Id.* Hayes alleges that "[s]ince that was the time the harassment [by Facebook] started it is the obvious conclusion the all harassment including the libel were initiated simultaneously, nevertheless it occurred." *Id.*

From July 10, 2018, until September 12, 2018, Facebook publicly posted the following message and displayed it to all active Facebook users, investors and viewers whenever they clicked on Hayes's web-page or email address: "BLOCKED - We believe the link you are trying to visit is malicious. For your safety, we have blocked it." *Id.* at 6. On September 22, 2018, the blocking message changed to: "You Can't Go to This Link From Facebook. The link you tried to visit goes against our Community Standards." *Id.*

According to Hayes, after he "told" the Court about Facebook's use of Hayes's "libeled and blocked" contact information in "this very case" they unblocked all of his web pages without comment. *Id.* at 5. Facebook removed the "malicious" statement but left an Instagram message saying the link might have been removed. *Id.*

Hayes alleges the latter proves that Facebook knows who he is and is proof of culpability.

*Id.* According to Hayes, "the damage has been done and is irreversible." *Id.* He alleges that Facebook "generated a slanderous and libelous statement" by claiming that Hayes, who is identifiable in all of his business web pages and promotions as santeeseven@yahoo.com, was "malicious" and "harmful." *Id.*

Hayes seeks $80,000 in damages for his inability to get a grant. *Id.* at 8. He also seeks $30 million in damages for what he calls the administrative start-up costs listed in his company's 2018-19 business plan, or if that full amount is not awarded, 10% of it. *Id.*

2. **Legal Standard**

While the Court has granted Hayes's in forma pauperis application, it must also review his complaint to determine whether the action may be allowed to proceed. The Court must dismiss the complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (internal quotations omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

3. **Analysis**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The failure to comply

7

with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *Id.* Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Hayes's complaint does not comply with Rule 8 because the factual basis for his libel claims does not connect his alleged facts to his claim. Specifically, Hayes brings a libel claim against Facebook but the two statements by Facebook which serve as the foundation for his claims do not refer to Hayes. "In California, whether statements can be reasonably interpreted as referring to [the] plaintiff[] is a question of law for the court . . . . If there is no express reference to the plaintiff in a defamation statement, the claim will fail unless the statement refers to the plaintiff by reasonable implication." *SDV/ACCI, Inc. v. AT&T Corp.*, 522 F.3d 955, 959 (9th Cir. 2008).

Hayes alleges that Facebook's blocking notice displayed when users clicked on the link to his business website or his email address (santeeseven@yahoo.com). The statements themselves were that the link was malicious (from July to September) or that the link violated Facebook's community standards (starting September 22). Neither statement was an express reference to Hayes. Further, the facts alleged in the complaint do not plausibly show that the statements about the links referred by reasonable implication to Hayes himself.

To be sure, Hayes has added allegations to this complaint in an effort to address this same deficiency the Court found in the amended complaint in the 19-cv-1297 action, namely, that Facebook's alleged statements were not about Hayes. Hayes now alleges that he has a business Facebook page with a recognizable logo, and the Court assumes this logo is also on the wakute.com pages. Further, Hayes alleges that his business Facebook page states that he is the owner of Seventh Generation. And he adequately alleges that his Facebook posts were about him. Compl. at 5 ("The posts were about the Plaintiff's life so that anyone that read them would know who the Plaintiff is."). What is not apparent from the complaint is that readers would have understood that the blocking notices on Hayes's Facebook pages – the content he alleges was

8

defamatory – were about *him*. The statements attributed to Facebook concern *an internet link*. A malicious activity warning about an internet link to an article on a company's website, or to a company's email address, does not plausibly suggest anything negative about the owner of the company.

In order to comply with Rule 8's pleading requirement, Hayes must amend the complaint to state as clearly as possible factual allegations showing that Facebook's blocking statements referred to Hayes.

Accordingly, the Court finds dismissal appropriate because the complaint fails to meet the requirements of Rule 8. However, given Hayes's pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Hayes the opportunity to file an amended complaint. To comply with Rule 8's pleading requirement, his amended complaint must identify the claim, including the specific law or right Hayes believes was violated, and must allege all the facts upon which he bases this claim.

## C. Conclusion

For the reasons above, the Court **GRANTS** Hayes's Application to Proceed In Forma Pauperis in 19-cv-2106 and finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Hayes must file a first amended complaint addressing the deficiencies in this order by August 2, 2019. If Hayes does not file a timely first amended complaint, the Court will recommend this action be dismissed.

Hayes may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

He may also wish to obtain a copy of the district court's *Handbook for Litigants Without a*

*Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: July 3, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge